# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JEREMIAH GILES, III, | 1:07-cv-00197-SMS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SOTO, et. al., | (Doc. 1) |
| Defendants. | |

## I.   SCREENING ORDER

Richard Jeremiah Giles, III ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his complaint on February 6, 2007 – which is presently before the Court for screening.

### A.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.    Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at Kern Valley State Prison ("KVSP") in Delano, California – where the acts he complains of occurred.

Plaintiff names defendants Captain Soto; Lieutenant Reynoso; Sergeants Goss and Popper; and Correctional Officers Palmer, Madina, Williams, Lazano, Reynoso, and Bingham.

Plaintiff alleges that on December 7, 2005, while confined to his cell, Sgt. Goss, and C/O's Palmer, Madina, and Williams approached his cell yelling "Get down." Plaintiff and his cell-mate complied, but were sprayed with o.c. spray, dragged out of the cell, and soaked from head to toe with more o.c. spray. Plaintiff's clothes were torn off and he was escorted to the medical facility where he was only allowed to splash his face in the sink. He was subsequently left to suffer for hours in a holding cage. Plaintiff seeks monetary damages.

It should be noted that Plaintiff's complaint merely states a semi-chronological rendition of events, without specifying which of his constitutional rights he believes were violated by any given defendant's acts. The Court provides Plaintiff with the following law that might apply to his generalized claims. However, it is Plaintiff's duty to specify his claims for relief against the defendant(s) and their factual basis.

**C.    Pleading Requirements**

1. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names Capt. Soto, Lt. Reynoso, Sgt. Popper, and C/O's Lozano, Reynaga, and Bingham as defendants, but fails to make any factual allegations relating to any affirmative acts, or omissions on their part so as to amount to a constitutional violation. Thus, Plaintiff fails to link Capt. Soto, Lt. Reynoso, Sgt. Popper, and C/O's Lozano, Reynaga, and Bingham to any constitutional violations such that all claims against them are subject to dismissal.

**D.    Claims for Relief**

1. *Excessive Force/Cruel & Unusual Punishment*

Plaintiff's claims appear to sound in the Eighth Amendment for excessive force and/or cruel and unusual punishment, premised on the incident with the o.c. spray.

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." Farmer v. Brennan, 511 U.S. 825 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); see also Vaughan v. Ricketts, 859 F.2d 736, 741 (9th

1  Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal
2  behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim").  As
3  courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for*
4  punishment." Gordon v. Faber, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd*,
5  973 F.2d 686 (8th Cir.1992).  "Being violently assaulted in prison is simply not 'part of the
6  penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834,
7  114 S.Ct. at 1977 (quoting Rhodes, 452 U.S. at 347).

8       Although the Eighth Amendment protects against cruel and unusual punishment, this
9  does not mean that federal courts can or should interfere whenever prisoners are inconvenienced
10 or suffer de minimis injuries.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (8th Amendment
11 excludes from constitutional recognition de minimis uses of force).  The malicious and sadistic
12 use of force to cause harm always violates contemporary standards of decency, regardless of
13 whether significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th
14 Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not
15 *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a
16 federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual
17 punishments necessarily excludes from constitutional recognition *de minimis* uses of physical
18 force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"
19 Id. at 9-10 (internal quotations marks and citations omitted).

20      Plaintiff's allegations that, while he was confined to his cell, and despite his compliance
21 with the order to "get down," Sgt. Goss, and C/O's Palmer, Madina, and Williams sprayed him
22 with o.c. spray, drug him from his cell, stripped him of his clothes, only allowed him to
23 decontaminate via splashing his face in a sink, and thereafter left him in a holding tank for hours
24 state cognizable claims for use of excessive force/cruel and unusual punishment against Sgt.
25 Goss, and C/O's Palmer, Madina, and Williams.

26      **2.  *Deliberate Indifference to Serious Medical Needs***

27      Plaintiff alleges that Sgt. Goss, and C/O's Palmer, Madina, and Williams soaked him
28 from head to toe with o.c. spray, but only allowed him to decontaminate via splashing his face in

a sink.

The failure of prison officials to decontaminate an inmate following the use of pepper spray may support a claim for under section 1983 for deliberate indifference to the inmate's serious medical needs. Clement v. Gomez, 298 F.3d 898, 904-06 (9th Cir. 2002).

Thus, Plaintiff states cognizable claims against Sgt. Goss, and C/O's Palmer, Madina, and Williams for deliberate indifference to his serious medical needs.

### 3. *Supervisory Liability*

Defendants Capt. Soto, Lt. Reynoso, Sgt. Goss, and Sgt. Popper hold supervisorial positions.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Capt. Soto, Lt. Reynoso, and/or Sgt. Popper personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, he fails to state cognizable

5

claims against Capt. Soto, Lt. Reynoso, and/or Sgt. Popper. However, Plaintiff's allegations against Sgt. Goss are cognizable as they state his personal participation in the alleged deprivation of Plaintiff's constitutional rights as discussed hereinabove.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend;

1          2.       The Clerk's Office shall send Plaintiff a civil rights complaint form;

2          3.       Within **thirty (30) days** from the date of service of this order, Plaintiff must

3                   either:

4                   a.       File an amended complaint curing the deficiencies identified by the Court

5                            in this order, or

6                   b.       Notify the Court in writing that he does not wish to file an amended

7                            complaint and wishes to proceed only on the claims identified by the Court

8                            as viable/cognizable in this order; and

9          4.       If Plaintiff fails to comply with this order, this action will be dismissed for failure

10                  to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:    October 29, 2008**                                  /s/ Sandra M. Snyder
                                                            UNITED STATES MAGISTRATE JUDGE