IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RICHARD JEREMIAH GILES, III, | No. 1:07-CV-00197-CKJ |
| Plaintiff, | |
| vs. | **ORDER** |
| FACILITY CAPTAIN SOTO, et al., | |
| Defendants. | |

Plaintiff Richard Jeremiah Giles, III, who is confined in the Salinas Valley State Prison in Soledad, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against six Kern Valley State Prison officials: Facility Captain Soto, Sergeants S. Goss and E. Popper, and Corrections Officers ("CO") M. Lozano, J. Medina and R. Reynaga.[1] Currently pending before this Court is Plaintiff's Motion Asking for the Court's Assistance to Access Law Library [Doc. 36], Motion for Sanctions Against Salinas Valley State Prison [Doc. 38], and Motion to Compel/Produce "Needed" Material Evidence Without Which, Plaintiff is Unable to Oppose the Defendants Motion to Dismiss [Doc. 41].

. . .

. . .

---

[1] At the time of filing his First Amended Complaint [Doc. 13], Plaintiff was housed at the Kern Valley State Prison in Delano, California. Upon screening of Plaintiff's First Amended Complaint [Doc. 13], the Court dismissed Facility Captain Soto as a Defendant.

**I. LAW LIBRARY ACCESS**

On October 25, 2010, Plaintiff filed a one page motion requesting an order allowing him access to "B Facilities Legal Library." Pl.'s Mot. Asking for the Court's Assistance to Access Law Library [Doc. 36]. Plaintiff claims that since August 24, 2010, he has "tried repeatedly to gain access" to the law library without success. *Id.* Plaintiff's request relates to his access to legal materials and ability to litigate this action, i.e. his access to the court.

The United States Supreme Court has determined that inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). This right requires that inmates "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their conviction or conditions of confinement. But it is that capability, rather than the capability of turning pages in a law library, that is the touchstone. *Lewis v. Casey*, 518 U.S. 343, 356-57, 116 S.Ct. 2174, 2183, 135 L.Ed.2d 606 (1996). The right of access to the courts does not extend to "conduct[ing] generalized research," it only requires that inmates "be able to present their grievances to the courts – a more limited degree of legal assistance." *Id.* at 360, 116 S.Ct. at 2184. As such, the right of access to the courts is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *See id.* at 354, 116 S.Ct. at 2181; *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). Furthermore, to maintain an access-to-the-courts claim, an inmate must submit evidence showing an "actual injury" resulting from the defendant's actions. *See Lewis*, 518 U.S. at 349, 116 S.Ct. at 2179. With respect to an existing case, the actual injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to present a claim." *Id.* at 348-49, 116 S.Ct. at 2179.

Here, Plaintiff has successfully brought his claim before this Court, discovery has been conducted and Defendants have filed their Motion for Summary Judgment [Doc. 30]. Plaintiff has requested two extensions of time, each of which has been granted. *See* Order 10/14/2010 [Doc. 35]; Order 11/4/2010 [Doc. 39]. To date, Plaintiff has not demonstrated actual prejudice with regard to his library access. Additionally, Plaintiff's reliance on the

1  Ninth Circuit Court of Appeals decision in *Espinoza-Matthews v. California*, 432 F.3d 1021
2  (9th Cir. 2005), is misplaced. The issue in that case involved a plaintiff's right to access his
3  legal materials while housed in Administrative Segregation. *Id.* at 1023. The court held that
4  the plaintiff was entitled to equitable tolling of the statute of limitations for filing his habeas
5  petition because of his inability to access his legal file while in Administrative Segregation.
6  *Id.* at 1028. The court did not reach the issue of access to the law library. *See id.* In this
7  case, the Court finds that there is no violation of Plaintiff's access to the courts. Plaintiff's
8  Motion Asking for the Court's Assistance to Access Law Library [Doc. 36] is denied.

## II.  SANCTIONS AGAINST SALINAS VALLEY STATE PRISON

Plaintiff seeks sanctions against Salinas Valley State Prison ("SVSP") for the denial of access to the law library and for LTA Canchola's failure to provide appropriate credentials. As discussed above, the right of access to the courts is only a right to bring petitions or complaints to the federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *See Lewis v. Casey*, 518 U.S. at 354, 116 S.Ct. at 2181; *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995). Furthermore, Plaintiff does not have a constitutional right to the assistance of a specific inmate. *Storseth v. Spellman*, 654 F.2d 1349, 1354 (9th Cir. 1981) (no right of assistance from a specific inmate, especially where there are prison law libraries and institutional legal services). Plaintiff has failed to demonstrate that he has suffered a constitutional deprivation of rights. As such, his Motion for Sanctions Against Salinas Valley State Prison [Doc. 38] is denied.

## III.  MOTION TO COMPEL

Plaintiff seeks an Order from this Court compelling the return of his legal paperwork which he entrusted to another prisoner. Defense counsel has spoken with prison officials at SVSP, and confirmed that Plaintiff has full access to the legal paperwork in his possession. Plaintiff states that while housed at Kern Valley State Prison ("KVSP") he voluntarily turned over "all of his legal materials relevant to this matter" to a Mr. T. Reynolds. Pl.'s Decl. in

Resp. to Defs.' Dec. 09, 2010 Decl. [Doc. 43]. Mr. Reynolds was a fellow inmate, not a staff member, at KVSP.[2] Although Plaintiff has a right to an adequate method of access to the courts, he does not "have any right to the services of a particular writ writer." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Plaintiff has not provided specific information about the "legal materials" which he requires from Mr. Reynolds. It is certainly not the prison's obligation to go through all of Mr. Reynolds's belongings searching for documents with Plaintiff's name on them. *See id.* at 1354 (no right of assistance from a specific inmate, especially where there are prison law libraries and institutional legal services).

Plaintiff now has Mr. Reynolds's California Department of Corrections inmate number, and should be able to contact him requesting a return of his legal materials. The Court will allow Plaintiff an additional sixty (60) days from the date of this Order to attempt to retrieve any papers in the custody of Mr. Reynolds and respond to Defendants' Motion for Summary Judgment. The Court will deny Plaintiff's Motion to Compel/Produce "Needed" Material Evidence Without Which, Plaintiff is Unable to Oppose the Defendants Motion to Dismiss [Doc. 41].

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion Asking for the Court's Assistance to Access Law Library [Doc. 36] is DENIED;

2. Plaintiff's Motion for Sanctions Against Salinas Valley State Prison [Doc. 38] is DENIED;

3. Plaintiff's Motion to Compel/Produce "Needed" Material Evidence Without Which, Plaintiff is Unable to Oppose the Defendants Motion to Dismiss [Doc. 41] is DENIED; and

---

[2] At the time of this Order, Tyrece Reynolds, # V1329, is still an inmate at KVSP.

1   4. Plaintiff's shall respond to Defendants' Motion for Summary Judgment [Doc. 30]
2   within sixty (60) days from the date of this Order.
3   DATED this 7th day of April, 2011.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

- 5 -