IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD JEREMIAH GILES, III, | ) | No. 1:07-CV-00197-CKJ |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| SOTO, et al., | ) | |
| Defendants. | ) | |
| | ) | |

Currently pending before this Court is Defendant's Motion for Summary Judgment [Doc. 30]. The Court has granted Plaintiff four extensions of time to respond, as well as provided him notice of the requirements of Summary Judgment pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Plaintiff has failed to respond to Defendant's motion.

**I. FACTUAL BACKGROUND**

Plaintiff Richard Jeremiah Giles, III, who is confined in the Kern Valley State Prison ("KVSP") brought this cause of action against Facility Captain Soto, Sergeant Goss, Sergeant Popper, Corrections Officer ("CO") Lozano, CO Medina, and CO Reynaga of KVSP pursuant to 42 U.S.C. § 1983. Pl.'s First Amended Compl. [Doc. 13]. In its February 11, 2009 Screening Order [Doc. 14] this Court dismissed Defendant Soto, as well as three counts, and required Defendants Goss, Popper, Lozano and Medina to answer Count One, alleging that they engaged in excessive force in violation of the Eight Amendment

prohibition against cruel and unusual punishment. Additionally, the Court directed Defendants Goss, Popper, Lozano, Medina and Reynaga to answer Count Three, alleging deliberate indifference to Plaintiff's serious medical needs because the failed to provide proper care and prevented Plaintiff from getting the correct treatment.

On December 7, 2005, Defendant Goss was informed that Plaintiff and his cellmate were in possession of a controlled substance. Defendant Goss ordered Defendants Lozano and Medina, as well as two other officers, to search Plaintiff's cell. As Defendants Lozano and Medina approached Plaintiff's cell, a white sheet hanging across the cell obstructed their view into the cell. The sheet blocked the cell so that only the bathroom-side of the cell, where the toilet and sink are located, was visible. An officer ordered Plaintiff and his cellmate to come from behind the sheet. Defendants Medina and Lozano then pepper-sprayed Plaintiff.[1] Defendants Medina and Lozano each discharged one burst of pepper spray striking Plaintiff in the upper torso and facial area. An officer ordered Plaintiff to crawl out of his cell. Upon exiting, correctional staff removed Plaintiff's clothing and searched him. Defendants Medina and Lozano had no further interaction with Plaintiff. Defendants Goss, Popper, and Reynaga were not present when Defendants Medina and Lozano pepper-sprayed Plaintiff. Additionally, Defendants Goss and Popper were not present after Defendants Medina and Lozano pepper-sprayed Plaintiff and did not escort Plaintiff to the medical department. Two minutes after Defendants Medina and Lozano pepper-sprayed Plaintiff, correctional staff placed Plaintiff in handcuffs and Defendant Reynaga escorted Plaintiff to the medical department.

After exposure to pepper spray, an individual will experience coughing, gagging, shortness of breath, and a burning sensation to the skin. Proper treatment for pepper-spray exposure consists of allowing the inmate to breathe fresh air, wash his face with water and wash the effected areas of skin with water. All of the symptoms associated with pepper-

---

[1] Defendants note that for the purposes of this motion they have adopted Plaintiff's version of the facts.

1 spray exposure resolve within one to two hours of exposure. In a small minority of cases, 2 individuals exposed to pepper-spray can develop a skin irritation, which may be treated with 3 medication. If an inmate were to develop a severe skin irritation, they would have to be 4 medically examined and treated, and there would be a record in their medical file.

5 At the medical department Defendant Reynaga allowed Plaintiff to wash his face with 6 cold water. As a correctional officer, escorting Plaintiff to the medical department and 7 allowing him to wash his face with water was all Reynaga could do to assist Plaintiff. A 8 medical technical assistant examined Plaintiff and found no injuries. After the medical 9 technical assistant finished examining Plaintiff, Reynaga placed Plaintiff in handcuffs and 10 escorted him to a holding cell. Defendant Reynaga had no further interaction with Plaintiff 11 on December 7, 2005.

12 Approximately two or three hours after the incident, correctional staff returned 13 Plaintiff to his cell and allowed him to shower. Allowing Plaintiff to shower two-to three 14 hours after the incident did not subject him to any additional medical complications. 15 Plaintiff's medical file contains no records indicating that he was treated for any type of skin 16 irritation associated with pepper-spray exposure, on or after December 7, 2005. Plaintiff's 17 medical file contains no record indicating he was treated for any type of injury to his eyes 18 or respiratory system, associated with pepper-spray exposure, on or after December 7, 2005. 19 Plaintiff's medical record does not contain any record of other injury after December 7, 2005. 20 Defendant was allowed to shower upon returning to his cell after the incident.

21 Subsequently, Plaintiff was found guilty in a rules violation report of refusing a direct 22 order arising out of the December 7, 2005 incident and assessed a thirty-day forfeiture of 23 behavioral credits.

24

25 **II.     STANDARD OF REVIEW**

26 Summary judgment is appropriate when, viewing the facts in the light most favorable 27 to the nonmoving party, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986), "there 28 is no genuine issue as to any material fact and [] the moving party is entitled to a judgment

1  as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome
2  of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that
3  a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at
4  248. Thus, factual disputes that have no bearing on the outcome of a suit are irrelevant to the
5  consideration of a motion for summary judgment. *Id.*

6  In order to withstand a motion for summary judgment, the nonmoving party must
7  demonstrate "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v.*
8  *Catrett*, 477 U.S. 317, 324 (1986). Moreover, a "mere scintilla of evidence" does not
9  preclude the entry of summary judgment. *Anderson*, 477 U.S. at 252. The United States
10 Supreme Court also recognized that "[w]hen opposing parties tell two different stories, one
11 of which is blatantly contradicted by the record, so that no reasonable jury could believe it,
12 a court should not adopt that version of the facts for purposes of ruling on a motion for
13 summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d
14 686 (2007).

15 When considering a summary judgment motion, the court examines the pleadings,
16 depositions, answers to interrogatories, and admissions on file, together with the affidavits,
17 if any. Fed. R. Civ. P. 56(c). At summary judgment, the judge's function is not to weigh the
18 evidence and determine the truth but to determine whether there is a genuine issue for trial.
19 *Anderson*, 477 U.S. at 249. The evidence of the non-movant is "to be believed, and all
20 justifiable inferences are to be drawn in his favor." *Id.* at 255. But, if the evidence of the
21 non-moving party is merely colorable or is not significantly probative, summary judgment
22 may be granted. *Id.* at 249-50.

23

24 **III.   ANALYSIS**

25 Defendants assert several theories for which they argue summary judgment is
26 appropriate. The Court will address Plaintiff's excessive force claim and the deliberate
27 indifference to medical needs in turn.
28  . . .

*A. Excessive Force*

    1.  Defendants Lozano and Medina

Defendants Lozano and Medina were both primary responders to the incident at Plaintiff's cell.  Additionally, both were responsible for firing pepper spray at Plaintiff.  Defendants Lozano and Medina assert *inter alia* that Plaintiff cannot meet his burden to support an excessive force claim.

A defendant is entitled to qualified immunity if his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).  The qualified immunity analysis originally involved two-step inquiry: (1) whether the facts alleged or shown by the plaintiff establish a constitutional violation and (2) whether the right at issue was clearly established at the time.  *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).  The Supreme Court has since held that courts have discretion in deciding which prong to address first.  *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 818-19, 172 L.Ed.2d 565 (2009).  "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law."  *Id.* at 244, 129 S.Ct. at 823.  In assessing the validity of an excessive force claim, the Court must inquire, "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).  Moreover, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979).

Here, the record before the Court demonstrates that Plaintiff disobeyed an order from prison staff.  As a result, Defendants Lozano and Medina each issued a burst of pepper spray hitting Plaintiff in the upper torso and face area.  The Court finds that

Defendants Lozano and Medina response was "a good-faith effort to maintain or restore discipline." *See Hudson*, 503 U.S. at 7, 112 S.Ct. at 999. As such, Plaintiff has failed to adduce sufficient facts to find a constitutional violation occurred. Therefore, Defendants Lozano and Medina are entitled to qualified immunity, and summary judgment in their favor.

### 2. Defendants Goss and Popper

Defendants Goss and Popper assert that they cannot be held liable on Plaintiff's excessive force claim in light of their supervisory positions. The Ninth Circuit Court of Appeals has clearly stated that, "[i]n a section 1983 claim, 'a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Corrales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal citations omitted). Further, "[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* (internal citations omitted). Finally, "[t]he requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Id.* (internal citations omitted).

The evidence before the Court cannot support any individual claims against Defendants Goss and Popper. The record fails to demonstrate that either Defendant supported or acted indifferently regarding the improper actions of his subordinates, or that these Defendants showed a reckless or callous indifference to the rights of others.[2] As

---

[2] The record does not support a finding of excessive force by either Defendant Lozano or Medina, the subordinates whose action upon which Plaintiff's claim is predicated.

- 6 -

such, summary judgment in favor of Defendants Goss and Popper as to Count One is appropriate.

### 3. Defendant Reynaga

Defendant Reynaga asserts that he did not participate in the pepper-spray incident, and therefore cannot be held liable for Plaintiff's excessive force claim. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the [plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis in original) (alterations in original) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The record before the Court is devoid of evidence to support an excessive force claim against Defendant Reynaga. As such, summary judgment in favor of Defendant Reynaga as to Count One is granted.

### *B. Deliberate Indifference to Serious Medical Needs*

To prevail on a claim under the Eighth Amendment for prison medical care, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (citations omitted). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096.

But mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Inadequate treatment due to malpractice or even gross negligence does not constitute an Eighth Amendment violation. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Moreover, differences in judgment between an inmate and prison medical personnel regarding an appropriate medical diagnosis or treatment are not enough to establish a deliberate-indifference claim. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

### 1. Defendants Lozano and Medina

The evidence before the Court demonstrates that neither Defendant Lozano or Medina had further contact with Plaintiff after the incident in his cell. Neither of these Defendants accompanied Plaintiff to the medical facility, and even if they had, the record is devoid of any evidence that they disregarded Plaintiff's serious medical needs. As such, summary judgment in favor of Defendants Lozano and Medina is appropriate as to the Count Three deliberate indifference claim.

### 2. Defendants Goss and Popper

The evidence before the Court demonstrates that neither Defendant Goss or Popper had further contact with Plaintiff or directed his medical treatment after the incident in his cell. Neither of these Defendants accompanied Plaintiff to the medical facility, and the record is devoid of any evidence that they disregarded Plaintiff's serious medical needs or an excessive risk to Plaintiff's health. *See Farmer*, 511 U.S. at 837. Additionally, the record does not support a finding that either Defendant Goss or Popper supported or acted indifferently regarding the improper actions of his subordinates. As such, summary judgment in favor of Defendants Goss and Popper as to the Count Three deliberate indifference claim is granted.

. . .

. . .

### 3. Defendant Reynaga

Plaintiff claims that Defendant Reynaga violated his Eight Amendment rights by failing to allow Plaintiff to take a shower, or hosing him down from head to toe, immediately after he was pepper-sprayed.  Defendant Reynaga asserts that he provided proper medical assistance to Plaintiff in his capacity as a CO, and as such, he cannot be held liable on a deliberate indifference claim.  KVSP's Chief Physician and Surgeon, M. Spaeth, M.D., attested that proper treatment for exposure to pepper-spray is to allow the affected individual to breathe fresh air and wash his face, and effected areas of the skin, with water.  Additionally, waiting two to three hours to wash the effected areas of skin after exposure does not subject an inmate to any additional medical complications.

Defendant Reynaga escorted Plaintiff to the medical unit and allowed him to wash his face with water.  Defendant Reynaga acted within the scope of his responsibilities as a CO.  Additionally, Plaintiff was examined by the Medical Technical Assistant ("MTA") upon arrival at the medical department.  The evidence before the Court does not support a finding of deliberate indifference by Defendant Reynaga. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (differences in judgment between an inmate and prison medical personnel regarding an appropriate medical diagnosis or treatment are not enough to establish a deliberate-indifference claim).  As such, summary judgment in favor of Defendant Reynaga as to Count Three is granted.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Doc. 30] is GRANTED.  **The Clerk of the Court shall enter judgment and close its file in this matter.**

DATED this 21st day of September, 2011.

_____
Cindy K. Jorgenson
United States District Judge